**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, et al., | No. CV-10-553-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo Bank, NA, et al., | |
| Defendant. | |

Currently pending before the Court are Plaintiffs AOM Group LLC, individual and as trustee of the Triba Goodyear Land Trust, Leo Simon and AOM Group LLC as beneficiaries' ("Plaintiffs") Emergency Motion to Remand, (Dkt.#7), and Emergency Motion to Dismiss Counts 3, 4, 5, 6, 14 from the Amended Complaint, (Dkt#.8). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

On March 5, 2010, Plaintiffs filed an Amended Complaint in Maricopa County Superior Court of the State of Arizona against Defendants Wells Fargo Bank, NA, First American Title Company[1], Michael A. Bosco, HSBC Bank USA, NA as trustee for WFMBS

---

[1] On March 19, 2010, Plaintiffs and First American Title Company filed a joint stipulation to dismiss with prejudice the claims against First American Title Company. (Dkt.#14).

2007-011 ("Defendants") for claims of wrongful foreclosure, quiet title, Home Ownership Equity Protection Act, 15 U.S.C. §§ 1637 et seq. ("HOEPA"), Real Estate Settlement Protection Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, conspiracy to commit fraud, fraud, breach of contract, Arizona Consumer Protection Act, A.R.S. §§ 44-1521, et seq. ("ACPA"), Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), violation of Arizona's assignment and satisfaction of mortgage law and invalid deed of trust, Arizona's Uniform Commercial Code, 47-3100, et seq., and a declaratory judgment that Arizona's deed of trust statute runs afoul of the federal and state constitutions. (See Dkt.#8, Exhib. 1).

On March 11, 2010, Defendants removed the case to federal court. (Dkt.#1). The next day, March 12, 2010, Plaintiffs filed two emergency motions asking the Court to dismiss all federal claims contained in their Amended Complaint and remand the case back to state court. (Dkt.##7,8). On March 17, 2010, the Court issued an Order notifying Plaintiffs that they had failed to allege facts that would normally support emergency review of its pending motions. Notwithstanding that oversight, in the interests of justice, the Court directed Defendants to jointly respond to Plaintiff's emergency motions by March 24, 2010. Those responses have now been submitted and the Court has had the chance to review the two documents.

As to Plaintiff's request that the Court dismiss its federal claims, the Court has determined that it cannot take such action given the current procedural posture of the lawsuit. As Defendants have pointed out, Plaintiffs cannot properly seek a voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure because voluntary dismissal is not available to a plaintiff seeking "to dismiss some, but not all, of his or her claims." Paglin v. Saztec Int'l, Inc., 834 F. Supp. 1184, 1189 (W.D. Mo. 1993). That is precisely what Plaintiffs' Motion for Dismissal attempts to accomplish. Instead of trying to take a voluntary dismissal under Rule 41(a), Rule 15(a) of the Federal Rules of Civil Procedure, as

Defendants note, "is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." <u>Etheridge v. Harbor House Restaurant</u>, 861 F.2d 1389, 1392 (9th Cir. 1988) (internal quotations and citations omitted). Pursuant to Rule 15(a), a party has a right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." If a plaintiff has amended once before, as these Plaintiffs have done, any additional amendment may only be accomplished with Defendants' written consent or by seeking leave of the Court. <u>See</u> Fed. R. Civ. P. 15(a). There is no indication that these Plaintiffs have received Defendants' consent to file a Second Amendment Complaint, and they obviously have not sought leave from the Court either. Accordingly, Plaintiffs' Motion for Voluntary Dismissal will be denied.

Because the Complaint has not been validly amended, Plaintiffs' Motion for Remand must fail as well. As currently constructed, Plaintiffs' Complaint on its face states a federal question under 28 U.S.C. § 1331. Plaintiffs also have no basis to request a fee award, when "[s]ection 1447(c) does not authorize an award of costs or fees when the initial removal was proper." <u>Baddie v. Berkeley Farms, Inc.</u>, 64 F.3d 487, 490 (9th Cir. 1995).

The Court would be remiss if it did not inform Plaintiffs–should they seek leave to amend and again move for remand–that this Court expects all counsel who appear before it to strictly comply with Rule 11 of the Federal Rules of Civil Procedure in the submission of signed documents. As the Parties are no doubt aware, Rule 11 requires counsel to certify that all representations to the Court are "not being presented for any improper purpose, such as to . . . cause unnecessary delay;" and that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." <u>See</u> Fed. R. Civ. P. 11(b)(1)-(2). Before potentially renewing their request for remand, Plaintiffs are advised to carefully survey Defendants' response in opposition to the now denied Motion for Remand, particularly the section discussing the existence of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt.#18).

1     **Accordingly,**

2     **IT IS HEREBY ORDERED** denying Plaintiffs AOM Group LLC, individual and as trustee of the Triba Goodyear Land Trust, Leo Simon and AOM Group LLC as beneficiaries' Emergency Motion to Remand. (Dkt.#7).

    **IT IS FURTHER ORDERED** denying Plaintiffs AOM Group LLC, individual and as trustee of the Triba Goodyear Land Trust, Leo Simon and AOM Group LLC as beneficiaries' Emergency Motion to Dismiss Counts 3, 4, 5, 6, 14 from the Amended Complaint. (Dkt#.8).

    DATED this 26th day of March, 2010.

_____
Mary H. Murguia
United States District Judge