**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, et al., | No. CV-10-553-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo Bank, NA, et al., | |
| Defendant. | |

Currently pending before the Court are Defendant Michael A. Bosco, Jr's Motion to Dismiss, (Doc. 13), Plaintiff AOM Group LLC, individual and as trustee of the Triba Goodyear Land Trust, Leo Simon and AOM Group LLC as beneficiaries' ("the AOM Group") Second Motion for Remand, (Doc. 24), the AOM Group's Motion to Amend Complaint, (Doc. 26). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

Following this Court's denial of Plaintiff's Emergency Motion to Remand and Emergency Motion to Dismiss (Voluntary Dismissal) Counts 3, 4, 5, 6, 14 from the Amended Complaint, (Doc. 20), Plaintiff has one again moved the Court to permit it to amend its Complaint to remove all federal claims and thereafter remand the case back to state court. (Doc. 24, 26). The Court has reviewed Plaintiff's Motion for Leave to Amend, and seeing no objection from the various Defendants, the Court will grant Plaintiff's request.

1 | Accordingly, Plaintiff's Second Amended Complaint asserts claims against Defendants for (1) Wrongful Foreclosure; (2) Quiet Title; (3) Fraudulent Misrepresentation; (4) Breach of Fiduciary Duty; (5) Unjust Enrichment; (6) Civil Conspiracy to Commit Fraud; (7) Fraud; (8) Breach of Contrac; (9) Violation of the Arizona Consumer Protection Act, A.R.S. §§ 44-1521, et seq. ("ACPA"); (10) Violation of Arizona Assignment and Satisfaction of Mortgage Law and Invalid Deed of Trust; (11) Violation of Arizona's Uniform Commercial Code, 47-3100, et seq.; and (12) a Declaratory Judgment That Arizona's Deed of Trust Statute Runs Afoul of the Federal and State Constitutions (See Doc. 26, Exhib. A).

The next issue that the Court must address is whether the case should be remanded back to state court following the most recent amendment. After carefully reviewing the Second Amended Complaint, which has been attached as an exhibit to Plaintiff's Motion to Amend, the Court has determined that it cannot remand the case because diversity jurisdiction under 28 U.S.C. § 1332 precludes remand. As set forth in the Notice of Removal, (Doc. 1), the amount in controversy exceeds $75,000, and all Defendants, with the exception of Michael A. Bosco, Jr, are diverse from the Plaintiff. Although Mr. Bosco is a citizen of the State of Arizona, the Court has concluded that he has been fraudulently joined in this action in violation of Ariz. Rev. Stat. § 33-807(E), and as such, federal jurisdiction is proper, and all claims against him must be dismissed.

Fraudulently joined defendants are citizens of the forum state whose presence in a lawsuit does not prevent removal on diversity grounds because their joinder was improper. See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.

It is undisputed that Mr. Bosco is the Trustee (or substitute Trustee), and has been appointed to conduct the Trustee's Sale of the subject property. Arizona Revised Statute § 33-807(E) states as follows:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

Under Arizona Revised Statutes § 33-807(E), any order of this Court against Wells Fargo or any other beneficiary is binding upon Michael A. Bosco, Jr. or any other Trustee. Section 33-807(E) therefore mandates Michael A. Bosco Jr.'s dismissal. At least one Arizona District Court has applied § 33-807(E) specifically to dismiss Mr. Bosco's law firm, Tiffany & Bosco, P.A., in its capacity as trustee in a similar case where the Plaintiffs attacked the validity of the nonjudicial foreclosure and Trustee's Sale. See Cervantes v. Countrywide Home Loans, Inc., No. CV 09-00517, 2009 WL 3157160, at *12 (D. Ariz., Sept. 24, 2009) (dismissing Tiffany & Bosco, P.A. in its capacity as Trustee from lawsuit based on § 33-807(E)).

Because § 33-807(E) clearly applies to Mr. Bosco, Plaintiffs have "fail[ed] to state a cause of action against [Bosco], and the failure is obvious according to the settled rules of the state." McCabe, 811 F.2d at 1339. Defendant Bosco has thus been fraudulently joined, and all claims against Mr. Bosco must be dismissed due to legal insufficiency.

Having determined that Mr. Bosco was fraudulently joined thereby precluding remand, and having determined Mr. Bosco must be dismissed as a Defendant in this matter, the next issue that the Court must address is whether Plaintiffs remaining legal claims have any merit whatsoever. The Court would be remiss if it did not note that this case is but one in a series of lawsuits filed by the AOM Group, who purport to act as trustee for a series of trusts formed by individuals who have defaulted on home loans secured by a Promissory Note and Deed of Trust. See AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB; AOM Group, LLC v. Loancity, 2:10-cv-00088-GMS; AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB; AOM Group, LLC v. DHI Mortgage Company, Ltd. ,2:10-cv-00208-GMS; AOM Group, LLC v. Countrywide Home Loans, Inc.,

2:10-cv-00514-GMS; AOM Group, LLC, v. Irwin Mortgage Corp., 2:10-cv-00605-MHM; AOM Group, LLC v. Downey Savings and Loan Association, F.A., 2:10-cv-00830-MHM; AOM Group, LLC v. Fidelity Mortgage Financial, 2:10-cv-00972-DGC; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-01043-JAT. Most of the AOM Group's cases were filed between the months of January and March 2010, and seven out of the nine lawsuits assigned to other Judges in this District have been dismissed. As to the two remaining open cases before other Judges: in AOM Group, LLC v. Countrywide Home Loans, Inc., 10-cv-00514-GMS, there is a pending order to show cause issued by Judge Snow as to why the case should not be dismissed for the AOM Group's failure to comply with a court order, 10-cv-00514-GMS, Doc. 34, and in AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB, Judge Bolton has dismissed the AOM Group's claims against one of the defendants on res judicata grounds, while also sanctioning the AOM Group and its counsel, Mr. Richard Clark, for asserting claims that were patently frivolous. See 2:10-cv-00094-SRB, Doc. 32.

In the instant case, according to the Second Amended Complaint, Plaintiff had no involvement whatsoever in the lending or refinancing process. Nor is Plaintiff named on the Deed of Trust, Assignment of Deed of Trust, or Substitution of Trustee attached to the Amended Complaint.. It is clear that the beneficiary of the trust, Mr. Leo Simom, refinanced the loan for the property in his individual capacity, and the allegations in the Amended Complaint all stem from Simon's refinancing. As such, AOM lacks standing to bring this lawsuit. Fleck & Assocs., Inc. v. City of Phoenix, 471 F.3d 1100, 1104 (9th Cir. 2006) (stating that a plaintiff is required to allege "a threatened or actual distinct and palpable injury to [himself]") (citation omitted). It is well established that "a third party does not have standing to bring a claim asserting a violation of someone else's rights." Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1050 (9th Cir. 2009). (internal quotes and citation omitted). AOM cannot achieve standing by acting as a "conduit" for Mr. Simon's personal claims. Fleck and Associates, Inc. v. Phoenix, City of, an Arizona Mun. Corp., 471 F.3d 1100, 1106 (9th Cir. 2006) (holding that corporation operating social club lacked standing

to bring action on behalf of its customers to challenge a city ordinance). Because Plaintiff has no standing, the entire Second Amended Complaint must be dismissed.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiffs AOM Group LLC, individual and as trustee of the Triba Goodyear Land Trust, Leo Simon and AOM Group LLC as beneficiaries' Motion to Amend Complaint. (Doc. 26).

**IT IS FURTHER ORDERED** denying Plaintiffs AOM Group LLC, individual and as trustee of the Triba Goodyear Land Trust, Leo Simon and AOM Group LLC as beneficiaries' Second Motion for Remand. (Doc. 24).

**IT IS FURTHER ORDERED** granting Defendant Michael A. Bosco, Jr's Motion to Dismiss. (Doc. 13).

**IT IS FURTHER ORDERED** dismissing Plaintiffs AOM Group LLC, individual and as trustee of the Triba Goodyear Land Trust, Leo Simon and AOM Group LLC as beneficiaries' Amended Complaint in its entirety for lack of standing.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly, and close the case.

DATED this 25th day of August, 2010.

_____
Mary H. Murguia
United States District Judge