**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group, LLC, | No. CV 10-553-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo Bank, N.A.; HSBC Bank, USA, N.A., | |
| Defendants. | |

Currently pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion for Sanctions and Award of Attorneys' Fees against Plaintiff AOM Group, LLC ("AOM Group"), (doc. 40), filed on September 8, 2010. As of this date, Plaintiff has not filed a responsive memorandum. After reviewing the motion, the memorandum in support of the motion (doc. 44) and the pertinent case law, the Court enters the following order.

On March 30, 2010 Plaintiff AOM Group, LLC filed a Second Amended complaint against Defendant Wells Fargo Bank, N.A. AOM Group, purporting to serve as a trustee for a group of homeowners facing foreclosure assets claims against the Defendants for (1) wrongful foreclosure; (2) quiet title; (3) fraudulent misrepresentation; (4) breach of fiduciary duty; (5) unjust enrichment; (6) civil conspiracy to commit fraud; (7) fraud; (8) breach of contract; (9) violation of the Arizona Consumer Fraud Act; (10) violation of Arizona

Assignment and Satisfaction of Mortgage Law and invalid deed of trust; and (11) violation of the Uniform Commercial Code, ARS 47-3100 Et. Seq., and Arizona's Recording Statute. Plaintiff also sought a Declaratory Judgment declaring the Arizona Deed of Trust Statute to be unconstitutional. (See Doc. 26, Exhib.A). On August 25, 2010 Plaintiff's claims were dismissed due to lack of standing. Judgment against the Plaintiff was ordered that same day. (Doc. 38).

On September 8, 2010, Defendant Wells Fargo Bank, N.A. filed the current Motion for Sanctions and Award of Attorneys' Fees (Doc. 40). The motion argues that attorneys' fees should be granted because Plaintiff's claims arose out of contract. (Doc. 26, Exhib. A) and Wells Fargo Bank is therefore eligible for an award of attorneys' fees pursuant to A.R.S. § 341.01(A) ("In any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorneys fees."). Wells Fargo Bank, N.A. is also seeking reimbursement of its attorneys' fees as a sanction against Plaintiff pursuant to Fed.R.Civ.P. 11. It asserts that this sanction is justified by the bad-faith prosecution of this lawsuit. Plaintiff has filed a number of similar claims, most of which were dismissed based on lack of standing, and in some of which attorneys' fees and/or sanctions were awarded.[1]

---

[1] Indeed, this Court notes that this case is but one in a series of lawsuits filed by the AOM Group, who purport to act as trustee for a series of trusts formed by individuals who have defaulted on home loans secured by Promissory Note and Deed of Trust. See AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB; AOM Group, LLC, v. Loanacity, 2:10-cv-00088-GMS; AOM Group, LLC. v. Coastal Capital Corp., 2:10-cv-00094-SRB; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-00208-GMS; AOM Group, LLC v. Countrywide Home Loans, Inc., 2:10-cv-00514-GMS; AOM Group, LLC, v. Irwin Mortgage Corp., 2:10-cv-00605-MHM; AOM Group, LLC v. Downey Savings and Loan Association, F.A., 2:10-cv-00830-MHM; AOM Group, LLC v. Fidelity Mortgage Financial, 2:10-cv-00972-DGC; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-01043-JAT. Most of the AOM Group's cases were filed between the months of January and March 2010, and seven out of the nine lawsuits assigned to other Judges in this District have been dismissed. In AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB attorneys' fees and sanctions were awarded. In AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-00208-GMS, the Motion for Sanctions was denied, but Judge Snow expressly stated that the Defendant would be able to seek attorneys' fees.

1  Defendant also outlines why it is entitled to fees, pursuant to the various factors outlined in
2  LRCiv.P. 54.2. Since Defendant's Motion for Attorneys' Fees was filed, Plaintiff has not
3  filed a response.
4      Defendant Wells Fargo Bank, N.A. moves the Court for an award of attorneys's fees
5  in the amount of $23,610.00 pursuant to Fed.R.Civ.P. 54(d)(2) and LRCiv.P. 54.2.
6  Defendant's motion is supported by a memorandum in support of the motion along with an
7  affidavit and billing statements specifying the hours worked, tasks performed and rates
8  charged (Doc. 44, Exhib. C).  The Court finds these fees reasonable.
9      Under LRCiv P. 7.2(i), "if the opposing party does not serve and file the required
10 answering memorandum, . . . such noncompliance may be deemed a consent to the denial or
11 granting of the motion and the Court may dispose of the motion summarily." Pursuant to this
12 rule, the Court deems Plaintiff's failure to serve and file the required answering
13 memorandum a consent to the granting of the Defendant's Motion for Sanctions and Award
14 of Attorneys' Fees.
15     Accordingly,
16     **IT IS ORDERED** granting Defendant's Motion for Sanctions and Award of
17 Attorneys' Fees. (Doc. 40, 45)
18     **IT IS FURTHER ORDERED** awarding Defendant Wells Fargo, N.A. $23,610.00
19 in attorneys' fees and related non-taxable expenses.
20     **IT IS FURTHER ORDERED** directing the clerk to enter judgment accordingly.
21     DATED this 31st day of March, 2011.

_____
Mary H. Murgula
United States District Judge